**In re Petition for DISCIPLINARY ACTION AGAINST Thomas J. BIETER, an Attorney at Law of the State of Minnesota.**

No. C1–90–2230.

Supreme Court of Minnesota.

Jan. 16, 1997.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition and two supplementary petitions for disciplinary action alleging that respondent Thomas J. Bieter has committed unprofessional conduct warranting public discipline; and

WHEREAS, a referee of this court held a hearing on the petitions and filed findings of fact, conclusions of law and a recommendation with this court; and

WHEREAS, neither respondent nor the Director contests the findings and conclusions of the referee and agree that they are conclusive; and

WHEREAS, the referee's findings may be summarized as including respondent's admission that he failed to timely file federal and state individual income tax returns in 1985 and 1988; that respondent neglected a client matter resulting in an expiration of the statute of limitations in the matter; that respondent neglected a client matter resulting in the expiration of a 60–day redemption period for a contract for deed and in the cancellation of the contract; that respondent engaged in improper fee practices; that respondent neglected client matters and engaged in noncommunication and miscommunication with certain clients; that respondent had a dispute with a client upon her retaining another attorney, and that respondent failed to cooperate with the Director in her investigation of these matters; and

WHEREAS, respondent and the Director jointly recommend that the discipline recommended by the referee is appropriate, name-

ly a 30–day suspension followed by 2 years' public probation subject to the following conditions:

a. Respondent's practice shall be supervised by a licensed Minnesota attorney approved by the Director's office. The supervisor shall meet personally with respondent in his office at least quarterly to physically review a random sample of respondent's files to determine whether all files are being diligently attended to and clients regularly informed about the status of their matter.

b. Respondent shall supply upon request copies of trust account and office account books and records to the Director's office for review of his compliance with Rule 1.1.5, Minnesota Rules of Professional Conduct.

c. Respondent shall timely file and pay all state and federal taxes as they become due. If an extension of time to pay or file is granted by tax authorities, respondent shall affirmatively report his filings and extensions, if any, to the Director's office and shall provide the authorizations necessary for the Director to verify his compliance.

d. Prior to the expiration of his probation, respondent shall make restitution to all clients injured by his misconduct. If the amount of restitution owing is not agreed to between respondent and the client, the amount shall be determined by arbitration. The arbitrator shall be a qualified neutral, mutually agreeable to the client and respondent. The cost of arbitration shall be borne by respondent unless the arbitrator's award is equal to or less than the amount offered by respondent for settlement of the claim, in which case the cost shall be shared equally. This term of probation shall not prejudice any civil claim for malpractice which a client may choose to pursue.

e. Respondent shall refund with interest the amount remaining unrefunded of the $3,000 fee paid by [a named client] and the $1,000 fee paid by [two named clients].

f. Respondent shall continue on antidepressant medication under the care and supervision of a treating professional. This treating professional shall verify that respondent remains medication compliant and free from symptoms of depression at least once each quarter or at such interval as agreed to between the Director's office and the treating professional. The cost of such reports shall be borne by respondent.

g. Three months before respondent's probation is scheduled to terminate, if the mental health professional monitoring respondent's depression medication cannot provide a statement indicating that probation is no longer necessary or appropriate, the Director may petition to continue the probation until such time as respondent's treating professional can render such an opinion; and

WHEREAS, this court has examined the record and agrees with the recommended discipline,

IT IS HEREBY ORDERED that respondent Thomas J. Bieter is suspended from the practice of law for a period of 30 days and upon reinstatement will be placed on a public probation for 2 years subject to the jointly recommended conditions set out above.

BY THE COURT:

/s/ Alan C. Page
Alan C. Page
Associate Justice